O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES LAKEEFE TAYLOR | § | |
| | § | |
| VS. | § | C.A. NO. C-05-299 |
| | § | |
| EILEEN KENNEDY, ET AL. | § | |

## ORDER ON EXHAUSTION

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. On June 3, 2005, plaintiff filed a civil rights action against certain McConnell Unit officials and employees alleging numerous civil rights violations including deliberate indifference to serious medical needs and unconstitutional conditions of confinement. See D.E. 1. For example, plaintiff complains of mis-delivery of mail, sewer water in the showers, lack of toilet paper and soap, and inadequate cell ventilation. He also complains that he was misidentified on a use of force video and that the misidentification could lead to his life being in danger. He complains his medical treatment is causing an infection in his hips, but that he is being denied an antibiotic. He claims he has been denied the proper size shoes. Except for his cell ventilation claim, alleged to have occurred on March 28, 2005, plaintiff does not identify the dates of the alleged offenses and/or whether they are ongoing.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). Exhaustion

applies regardless whether the prisoner may obtain the type of relief sought in the state's administrative process.  Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff has not stated with particularity as to each claim whether he has exhausted his TDCJ-CID administrative remedies.  Accordingly, as to each constitutional violation raised in his complaint, plaintiff is instructed to submit a copy of his step 1 and step 2 grievances that he filed with the Unit and/or TDCJ-CID.[1]  Plaintiff is instructed to submit the copies within thirty (30) days of the date of entry of this Order. Plaintiff is advised that failure to submit the grievances within the time deadlines set forth may result in dismissal of his case for failure to prosecute.

ORDERED this 17th day of June, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may submit originals and they will be returned to him after examination.  Alternatively, plaintiff may copy the originals by hand, or he may send a list describing each grievance by grievance number, the issue raised, the step one response and date, and the step two response and date.