IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES LAKEEFE TAYLOR § | | |
|     TDCJ-CID #784490 § | | |
| V. § | | C.A. NO. C-05-299 |
| § | | |
| EILEEN KENNEDY, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that plaintiff's action be dismissed for failure to exhaust available administrative remedies, and that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 13) be denied.

**I.  JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.  FACTUAL BACKGROUND**

Plaintiff is incarcerated at the McConnell Unit in Beeville, Texas. In his *pro se* complaint, plaintiff sues the following McConnell Unit employees:(1) Assistant Warden Eileen Kennedy; (2) Olga Gutierrez; (3) Lieutenant Juan M. Garcia; (4) Lieutenant Ann Marie Del Rosa; (5) Officer Billy Murcow; (6) Officer Daniel Rosales; (7) Officer William Rosbrek; (8) Sergeant Liun Dancier; (9) Sergeant Armando Sanchez; (10) Nurse Lucy Martinez; (11) Nurse Nina Vaughn; (12) the McConnell Unit Maintenance Plumbing Department; (13) Ernest Dominguez; (14) Cathey Westerfield; (15) Supply Department; (16) Sergeant Kelley R. Matz; (17) Dr. Maximilliano Herrera; (18) Karen Wesseman; (19) Captain Rene Maldonado; (20) Laundry Manager John S. Crouch; (21) Lynn A. Gutierrez; (22) Juan A. Gutierrez; (23) Beatrice Cantu; (24) Officer Adam Blubdrey; Officer Mark Carclanizs; (25)

Laura Gutierrez; (26) Cherill Marrell; (27) Sergeant Billy R. Garza; (28) Officer Christopher S. Walker; (29) Carlos Rodriguez; (30)Ganica Fidencio; (31) Hector Vasquez; (32) Bee County; (33) Major Aureto Ambriz; (34) James H. Hager; (35) Sean Massery; (36) Judy Farris; (37) Sergeant Jessica Stan; and (38) Ms. Gandy.

Plaintiff filed suit on June 3, 2005 against the above named defendants alleging numerous civil rights violations including deliberate indifference to serious medical needs and unconstitutional conditions of confinement. See D.E. 1. For example, plaintiff complains of mis-delivery of mail, sewer water in the showers, lack of toilet paper and soap, and inadequate cell ventilation. Id. He also complains that he was misidentified on a use of force video and that the misidentification could lead to his life being in danger. Id. He complains his medical treatment is causing an infection in his hips, but that he is being denied an antibiotic. Id. He claims that he has been denied the proper-size shoes. Except for the cell ventilation claim, alleged to have occurred on March 28, 2005, plaintiff did not identify the dates of the alleged offenses and/or whether the violations were ongoing.

By order entered June 17, 2005, plaintiff was instructed to state with particularity as to each claim raised whether he had exhausted the TDCJ-CID administrative remedies. See D.E. 7. In addition, plaintiff was asked to submit either originals or copies of his step one and step two grievances, or alternatively, prepare a list describing each grievance by: grievance number, the issue raised, the step one response and date, and the step two response and date. Id. Plaintiff was afforded thirty days to submit this information. Id.

On July 14-15, 2005, plaintiff filed three pleadings entitled "Notice to the Court." See D.E. 9, 10, and 11. These pleadings include copies of grievances filed by plaintiff.

2

## III. DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). Exhaustion applies regardless whether the prisoner may obtain the type of relief sought in the state's administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The purpose of the exhaustion requirement is to alert jail officials of problems so that the jail has a chance to address the claims before they reach federal court. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737.

In the Texas Department of Criminal Justice–Correctional Institutions Division, inmates follow a two-step process to exhaust their remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998); TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 3) (Aug. 1, 2002). An inmate must proceed through all available steps in the institutional system. Wright, 260 F.3d at 358.

"'Dismissal under § 1997e is made on pleadings without proof. In other words, '[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003)

(per curiam) (quoting Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998), cert. denied, 526 U.S. 1133 (1999)).

Plaintiff failed to address the issue of exhaustion in his original complaint. See D.E. 1. In his response to the exhaustion order and filed at D.E. 9, 10, and 11, plaintiff has offered numerous documents entitled "Inmate Request to Official," in which plaintiff requests doctors' appointments and other medical attention. These inmate requests do not demonstrate exhaustion via the TDCJ-CID grievance system. They are merely requests from plaintiff to the medical department and/or prison administrators seeking medical attention or some other relief. The inmate requests do not establish exhaustion.

Plaintiff *has* offered the following grievances:[1]

(1)　TDCJ-CID grievance number: None.
　　　Date: July 6, 2006
　　　Complaint raised: Step 1-Deprivation of materials to disinfect living area.
　　　Response: None.
　　　Conclusion: Grievance never filed.

(2)　TDCJ-CID grievance number: None
　　　Date: May 28, 2005.
　　　Complaint raised: Step 1-Ms. Gundy with the psych department is concerned about plaintiff's mental health due to his life being in danger; plaintiff also has an infection.
　　　Response: None.
　　　Conclusion: Grievance never filed.

(3)　TDCJ-CID grievance number: 2005170160
　　　Date: June 1, 2005
　　　Complaint raised: Step 1 – Appeal of disciplinary proceeding.
　　　Step 1 Response: Disciplinary conviction affirmed.
　　　Conclusion: Successful step 1 filing; however, no Step 2 grievance filed.

(4)　TDCJ-CID grievance number: None.
　　　Date: December 23, 2004
　　　Complaint raised: Step 2 – Life in danger due to inadequate light in cell.

---

[1] The grievances are submitted duplicate times under D.E. 9, 10 and 11.

       Response: None.
       Conclusion: Grievance never filed. There is no corresponding step 1 grievance.

(5)    TDCJ-CID grievance number: None.
       Date: October 17, 2003
       Complaint raised: Step 1 – Opening of private legal mail.
       Response: Grievance time period expired.
       Conclusion: Unsuccessful step 1 filing.

(6)    TDCJ-CID grievance number: None.
       Date: June 7, 2005
       Complaint raised: Step 1 – Law library failed to provide citations and law books.
       Step 1 Response: Submission in excess of 1 every 7 days.
       Conclusion: Unsuccessful step 1 filing.

(7)    TDCJ-CID grievance number: None.
       Date: May 27, 2005
       Complaint raised: Step 1 – Challenging that plaintiff is a threat to security.
       Step 1 Response: None.
       Conclusion: Grievance never filed.

While evidence of exhaustion is not necessary to survive dismissal under §1997e, a prisoner must, at a minimum, allege exhaustion with "sufficient specificity." See Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam). Here, plaintiff failed to allege exhaustion with sufficient specificity in his original complaint as he did not address the exhaustion issue at all. Now, having been given the opportunity to demonstrate exhaustion, plaintiff has produced documentation that evidences the opposite: not one of the grievances submitted demonstrates proper exhaustion as to the claims raised in plaintiff's original complaint. He has failed to produce for any claim both a step one and step two grievance that was processed. Moreover, for the most part, plaintiff's submitted grievances do not even relate to the claims alleged in his original petition. Plaintiff has not exhausted his administrative remedies as to any claim raised in this lawsuit.

The exhaustion requirement may be excused when it administrative remedies are not "personally available." Days, 322 F.3d at 867. "Availability" is a question of law for the court to

decide. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). The Fifth Circuit has applied the ordinary dictionary definition of "'available' as, among other things, 'immediately utilizable,' and 'that is accessible or may be obtained: personally obtainable.'" Days, 322 F.3d at 867 (quoting WEBSTER'S NEW INT'L DICTIONARY 150 (3rd ed.1981)); Underwood, 151 F.3d at 295 (same). A remedy is not "personally available" when a prisoner's physical injury prevents him from temporarily using it and when a subsequent filing is rejected as untimely. Days, 322 F.3d at 867. But see Ferrington v. Louisiana Dep't of Corr., 315 F.3d 529 (5th Cir. 2002) (finding that inmate's blindness had not prevented him from filing other pleadings, so his blindness did not render the grievance procedure unavailable).

In this case, there is no suggestion that plaintiff has been unable to access the grievance system. To the contrary, at least one grievance was returned because plaintiff had exceeded his weekly limit. The grievance system was readily available to plaintiff, and there is no reason to excuse exhaustion in this case.

The Fifth Circuit has affirmed a district court's dismissal for lack of exhaustion with prejudice to the inmate being able to re-file the action and proceed as a pauper. Underwood, 151 F.3d at 296. Accordingly, it is respectfully recommended that plaintiff's action be dismissed with prejudice to proceeding as a pauper should he decide to re-file his claims after he exhausts the prisoner grievance process.

## IV.     APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff also filed an application for leave to proceed *in forma pauperis* (D.E. 13). In his motion he failed to include a copy of his *in forma pauperis* data sheet (inmate trust fund statement) as he had been instructed in the notice of deficient pleading. In view of the recommendation that

plaintiff's lawsuit be dismissed for failure to exhaust, the motion to proceed *in forma pauperis* is moot.

## V.     CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's action be dismissed without prejudice for failure to exhaust pursuant to 42 U.S.C. § 1997e(a).  It is further recommended that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 13) be denied as moot.

Respectfully submitted, this 9th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).